UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| In re: | |
|---|---|
| Cornus Montessori, LLC | Case No. 21-10213-KHK |
| (Debtor) | (Chapter 11) |

| In re: | |
|---|---|
| Lloyd W. Telford | Case No. 21-10216-KHK |
| (Debtor) | (Chapter 11) |

**MEMORANDUM OPINION**

This Matter is before the Court on the Joint Motion to Extend Automatic Stay for Non-Debtor (Case No. 21-10213-KHK, Docket No. 12 and Case No. 21-10216-KHK, Docket No. 10) (the "Joint Motion") filed by Cornus Montessori, LLC ("Cornus") and Lloyd W. Telford ("Telford") and together with Cornus, the ("Debtors"). Through their Joint Motion, the Debtors seek to extend the automatic stay to protect Venous Memari, Telford's wife, in relation to her guarantee obligations under a lease agreement between Cornus and the Sully Limited Partnership (the "Landlord"). The Landlord has filed an objection to the requested relief. (Case No. 21-10213-KHK, Docket No. 29; Case No. 21-10216-KHK, Docket No. 23). On March 9, 2021, the Court heard testimony from Telford and Memari, and the arguments of counsel. At the conclusion of the hearing, the Court took the matter under advisement and temporarily extended the stay to Memari until April 9, 2021.

For the reasons stated below, the Court has ordered[1] that the automatic stay be extended to protect Venous Memari from any attempts from the Landlord to collect obligations owed under, or enforce rights in connection with, the Lease.

**FINDINGS OF FACT**

---

[1] The Court entered the Orders at Docket No. 41 in the Cornus Case, and Docket No. 33 in the Telford Case, on April 8, 2021 prior to entering this Memorandum.

Cornus is a Virginia limited liability company that owned and operated a Montessori school in Chantilly, Virginia beginning in January of 2017, but ceased operations in March 2020 due to the COVID-19 global pandemic.

The Montessori school is located at 13880 Metrotech Drive, Chantilly, Virginia (the "Property"), real property that is leased from the Landlord under a lease agreement dated November 30, 2015 (the "Lease").

Cornus is owned and operated by its sole owner, Lloyd Telford. Telford is married to Venous Memari ("Memari"), an attorney licensed to practice under the laws of Bermuda. Telford and Memari have two adult children. While Memari does not directly own equity in Cornus, or actively participate in the business, the Landlord required Memari and Telford to personally guarantee the lease.

Despite two years of seemingly successful operations, Telford was unable to draw a salary from Cornus. As a result, the family primarily relied on Memari's income and family savings to survive. Memari's income has also been used to fund business shortfalls as well as the initial retainers of counsel for both Cornus and Telford. At the hearing on this matter, Memari also testified that her income would be used to fund the chapter 11 cases.

In 2019, Telford entered into negotiations with a potential buyer for the sale of the business. An agreement was reached whereby the buyer would pay $300,000 to assume the Lease and takeover the school's business operations.

During negotiations with the Landlord, and until the school closed in March 2020, the buyer, who had previous experience in pre-school management in Virginia, took over managing Cornus in anticipation of the sale. During the change in management, the business experienced an immediate uptick in enrollment and new student prospects.

Between March of 2020 and September of 2020, Telford and the Landlord had various discussions regarding the business, payment of rent, and the anticipated sale and lease assignment.

In December of 2020, the Landlord filed an unlawful detainer action against Cornus in the Fairfax General District Court, styled as Sully Limited Partnership vs. Cornus Montessori, LLC, et al., Fairfax Case No. GV200019629-00 (the "Unlawful Detainer").  Through the Unlawful Detainer, the Landlord sought to terminate Cornus' possession of the Property and to recover rent arrearages in the amount of $146,180.98.  The Landlord sought recovery against both Cornus, and Telford and Memari as guarantors.  A trial was scheduled in the Unlawful Detainer for February 12, 2021.

On February 11, 2021, the Debtors each filed petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Memari did not file with Telford because doing so would put her at risk of losing her law license in Bermuda, and therefore, the family's and Cornus' only current source of income.

On February 19, 2021, the Debtors jointly filed the Joint Motion to Extend Stay, seeking to extend the automatic stay to protect Memari in relation to her guarantee obligations under the Lease.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District of August 15, 1984. This is a core proceeding, within the meaning of 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), and (G) (motions to terminate, annul, or modify the automatic stay). Venue is appropriate in this Court under 28 U.S.C. § 1409(a).

While parties normally seek injunctive relief via adversary proceeding, given that this matter concerns the automatic stay, no adversary proceeding is required.  *In re Qimonda AG*, 482 B.R. 879, 887 (Bankr. E.D. Va. 2012); *In re Hookup, L.L.C.*, 2012 WL 4904538 (Bankr. E.D. Va. 2012); *In re Fas Mart Convenience Stores, Inc.*, 318 B.R. 370 (Bankr. E.D. Va. 2004).

Absent unusual circumstances, the automatic stay does not protect a non-debtor from creditor action. *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1016 (4th Cir. 1986).  Unusual circumstances arise "when there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-

3

party defendant will in effect be a judgment or finding against the debtor." *Piccinin*, 788 F.2d at 999. An absolute indemnity right, for example, could suffice. *Kreisler*, 478 F.3d at 213 (citing *Piccinin*, 788 F.2d at 999).

The request to extend the automatic stay to a non-debtor is considered under the standards applicable to issuing a preliminary injunction. *Piccinin*, 788 F.2d at 1008 (applying preliminary injunction standard in determination of extension of stay to non-debtor); See also *In re Qimonda AG*, 482 B.R. 879, 893–94 (Bankr. E.D. Va. 2012) (observing that the preliminary injunction standard applies to extension of stay to non-debtor but that *Piccinin*'s reliance on *Blackwelder*[2] factors is no longer appropriate following *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 375 (2008)); *CT Inv. Mgmt. Co. v. Carbonell*, 2012 WL 92359 (S.D.N.Y. 2012); *In re Vitro, S.A.B. de C. V.*, 455 B.R. 571, 580–83 (Bankr. N.D. Tex. 2011); *In re Calpine Corp.*, 365 B.R. 401, 408 (S.D.N.Y. 2007) (automatic stay can apply to non-debtors when claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20, 129 S. Ct. at 374. The Court will address each factor in turn.

*Likelihood of Success on the Merits*

The record before the Court establishes that the Unlawful Detainer against Memari arises from Cornus' debt to the Landlord, not direct personal obligations of Memari to the Landlord. Although the school was shuttered by COVID-19, easing governmental restrictions and the introduction of various vaccine programs may provide the opportunity for this business to effectively propose a plan. With a brief "respite from protracted litigation" Telford and Memari may be able to propose a workable reorganization. *Piccinin*, 788 F.2d at 998. The finances of Cornus and Telford were inextricably intertwined with those of Memari long

---

[2] *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co.*, 550 F.2d 189, 195 (4th Cir. 1977)

before these cases were filed. Accordingly, the Court finds that the Debtors are likely to succeed on the merits by proposing a confirmable chapter 11 plan.

*Irreparable Harm*

Proposing a confirmable plan would be impossible without the active participation of Memari. Memari testified, and the record has made clear—she is the source of funding for these cases. If Memari were forced to file her own bankruptcy case, she would risk losing her law license, and therefore, the income that would be used to fund the Debtors' reorganizations. While funding these cases alone is not a basis for extending the stay, when combined with the unique prepetition and continuing economic interdependence between Memari, her husband Telford, and Cornus, the Court is satisfied that irreparable harm would result to the Debtors' ability to reorganize if collection efforts continue against Memari.

*Balancing the Equities*

Here, the record before the Court establishes that the Landlord will suffer little or no harm as a result of a temporary stay of collection efforts against Memari. The stay imposed by this Court's Order, by its terms, is not permanent. To the extent the equities change, such that the Landlord's interests are no longer adequately protected, or the Debtors are unable to propose a confirmable plan, the Landlord is free to seek relief from this Court. Further, given the cure obligations that would be imposed on the Debtors under 11 U.S.C. § 365 in order to assume and/or assign the Lease, the Landlord's interests are not likely to be ignored in the Debtors' reorganizations. Accordingly, the Court finds that given the irreparable harm that would result to the Debtors' reorganization prospects absent a stay of collection efforts against Memari, the equities weigh in favor of granting the injunction.

*The Public Interest*

The Court is cognizant that U.S. Bankruptcy laws ordinarily do not protect non-debtors from creditor action, absent unusual circumstances. *In re Qimonda AG*, 482 B.R. at 896 (observing that generally public policy disfavors extending the automatic stay to non-debtors, absent unusual circumstances). However, unlike in *Qimonda*, and the authority cited therein, the Debtors in these cases have demonstrated such unusual

5

circumstances. As noted above, and contrary to the Landlord's assertion that Memari "simply does not have the necessary entanglement in the case," Memari and the Debtors have been significantly financially intertwined prior to the bankruptcy. Memari and Telford are married, and Memari's income is used for family living expenses, to fund business shortfalls, and even the costs of these chapter 11 filings. Memari's income will also be used to fund the actual reorganizations. Further, in connection with Memari's guarantee, she has an absolute right of indemnity against Telford and Cornus. As a result, a judgment against Memari, will in effect be a judgment against the Debtors. *Piccinin*, 788 F.2d at 999; *Kreisler*, 478 F.3d at 213 (citing *Piccinin*, 788 F.2d at 999). While Memari may not be financially obligated to fund the Debtors' plans, failing to do so would result in collection efforts against her. Accordingly, the Court finds that there is an identity of interests between Memari and the Debtors constituting unusual circumstances sufficient to extend the automatic stay to Memari in this case. Therefore, under the circumstances, the public interest weighs in favor of extending the stay.

## CONCLUSION

Based on the foregoing, on April 8, 2021, the Court entered the Orders at Docket No. 41 in the Cornus Case, and Docket No. 33 in the Telford Case, extending the automatic stay to protect Venous Memari from any attempts by the Landlord to collect obligations owed under, or enforce rights in connection with, the Lease.

Date: Apr 16 2021

/s/ Klinette H Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: Apr 16 2021

Mailed copies to:                    Electronic copies to:

6

Cornus Montessori, LLC
13880 Metrotech Drive,
Chantilly, VA 20151
*Debtor*

Lloyd W. Telford
9524 Front Street
Leesburg, VA 20176
*Debtor*

Christopher Bowman
Schwartz & Gilday, LLC
7315 Wisconsin Ave, 800W
Bethesda, MD 20184
*Counsel to The Sully Limited Partnership*

John P. Fitzgerald, III
*Office of the U.S. Trustee*

Christopher L. Rogan
*Counsel to Cornus Montessori, LLC*

Madeline A. Trainor
Robert M. Marino
*Proposed Counsel to Lloyd W. Telford*